(Reap. Dec. 10117)

H. H. ELDER & CO., A/C FADEX WESTERN MOTORS, INC., ET AL. *v.*
UNITED STATES

Entry No. 44869, etc.

(Decided December 7, 1961)

*William Whynman* for the plaintiffs.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed in the schedule of reappraisements attached to this decision and made a part hereof have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto through their respective attorneys, subject to the approval of the Court, as follows:

1. That the imported merchandise consists of automobiles, manufactured in and exported from Germany on the dates herein relevant, and described on the invoices as U.S. Isetta or Isetta 300, 1 tone (one color) and 2 tones (2 colors), and also U.S. Isetta 600 or BMW Isetta 600, 1 tone (one color) and 2 tones (2 colors) together with accessories and spare parts.

2. That on the relevant dates of exportation, there was no foreign, export, or U.S. value, as each of such values is defined in Section 402 (c), (d) and (e) of the Tariff Act of 1930, as amended, for the imported merchandise above described.

3. That on the relevant dates of exportation, the proper basis of value of the automobiles above described was the cost of production, as such value is defined in Section 402(f) of said Tariff Act, and as stated in Schedule A hereto attached and made a part hereof.

4. That as to the accessories not already included in the cost figures shown in the said schedule and separately appraised, the proper basis of value is the cost of production, which is equal to the value stated on the invoice.

5. That the proper basis of value of the imported spare parts is the cost of production, as defined in Section 402(f), which is as follows:

Those marked in green ink with the letter "G" are equal to the appraised value.

Those marked in green ink with the letter "F" are equal to the invoice value.

Those marked in green ink with the letter "D" are equal to the invoice value less 6¼%.

The said appeals are submitted herewith for decision upon this stipulation and are abandoned as to all items not included and referred to above.

On the agreed facts, I find cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise covered by said appeals and that such values were as follows:

1. For the automobiles covered by said appeals, the values stated in schedule A, hereto attached and made a part hereof.

2. For the accessories not already included in the cost figures shown in the said schedule and separately appraised, the values stated on the invoices.

3. For the spare parts marked in green ink with the letter "G," the appraised values; for those marked in green ink with the letter "F," the invoice values; and for those marked in green ink with the letter "D," the invoice values, less 6¼ per centum.

Judgment will be entered accordingly.